[No. 1630.]

## STATE OF NEVADA, EX REL. GEORGE WATT, RELATOR, *v.* W. D. JONES, AS DISTRICT JUDGE OF THE THIRD JUDICIAL DISTRICT OF THE STATE OF NEVADA, AND THE THIRD JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, RESPONDENTS.

CERTIORARI—DISMISSAL OF ACTION TO BE REVIEWED—EFFECT—COSTS.

1. Where the action to review for which *certiorari* is brought is dismissed by the successful party on the service of the writ, at his own costs, the writ will also be dismissed.
2. Where, on service of a writ of *certiorari*, the successful party dismisses the action, it is a confession of error, and the costs of the *certiorari* will be awarded petitioner, without regard to whether the case was a proper one for *certiorari*.

CERTIORARI by the State of Nevada, on the relation of George Watt, against the Third Judicial District Court of the State of Nevada and others, to review an action in which petitioner was defendant and one Easton plaintiff. **Writ dismissed.**

The facts sufficiently appear in the opinion.

*Torreyson & Summerfield*, for Relator:

I. The writ was granted in this case returnable on the 17th day of this month. On that day the case was argued before this court. To the petition a demurrer was filed upon the ground that the petition did not state facts sufficient to authorize the issuance of the writ, because it appears from said writ that said Watt has a plain, speedy and adequate remedy at law for all of the matters complained of in said petition. We know of no better authorities upon this question than our own statute and the decisions made by this court and we cite the court to Comp. Laws 1900, secs. 3531–3537, and authorities there cited.

II. We had no plain, speedy and adequate remedy. It is a fact of which this court has knowledge that the proceeding which is sought to be reviewed has been dismissed since the beginning of the proceedings in *certiorari*. By dismissing them they have confessed that the court had no jurisdiction. The inquiry in this proceeding is limited to the question of jurisdiction. The complaint shows upon its face that the court had no jurisdiction because neither party had been

declared elected, and, having no jurisdiction, no restraining order could be issued. (Comp. Laws 1900, secs. 1621–1623.) The statute provides that, in order to contest the right to an election, some one must be declared duly elected, and in the original complaint brought in the district court of Lander county, it is not alleged that either Easton or Watt was duly declared elected, and therefore the court had no jurisdiction to issue its restraining order.

III. The existence of a remedy by appeal or writ of error is no bar to *certiorari* to correct a usurpation of jurisdiction when applied for in proper time. (Vol. 2, Spell. on Extra. Relief, sec. 1918 and note 2; sec. 1928; *Paul* v. *Armstrong*, 1 Nev. 82–95.)

*Thomas Wren*, for Respondent:

The following is filed concerning the sections of the statute bearing on jurisdiction, vacating orders, demurrers and appeals, also in relation to setting time for hearing: *Jurisdiction,* Comp. Laws 1900, secs. 3531, 3537, 117, 2520; Constitution of Nevada, art. VI, sec. 6; *Demurrer*, Comp. Laws 1900, sec. 3135; *Vacating Orders*, Comp. Laws 1900, sec. 3433; *Appeals*, Comp. Laws 1900, sec. 3435; *Setting Time for Hearing*, Comp. Laws 1900, sec. 1626.

*Per Curiam:*

A writ of *certiorari* was heretofore issued for the purpose of reviewing the proceedings in the case of Easton against Watt, then pending in the Third judicial district court. The return to the writ shows that upon the day of its service that case was dismissed by plaintiff, Easton, upon his own motion and cost. The purpose of the writ having been accomplished, no advantage now can result to petitioner by a further examination of the return.

The dismissal of the case in the district court was a confession of error, and petitioner should have costs, without considering the question whether this was or not a proper case for *certiorari*.

It is ordered that the writ be dismissed, and that the costs be taxed against respondents.

TALBOT, J., did not participate in this decision.